IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANTHONY BUSSIE,<br><br>Plaintiff,<br><br>vs.<br><br>SENATOR CORY BOOKER, SENATOR CHRIS DOBB, CONGRESSMAN ROBERT E. ANDREWS, and ATTORNEY GENERAL WILLIAM BARR,<br><br>Defendants. | CV 19-00087-H-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Anthony Bussie, a federal prisoner proceeding without counsel filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint (Doc. 2.)[1] Mr. Bussie does not appear to have any relationship to the District of Montana. Based upon Mr. Bussie's filing history it is recommended that his motion to proceed in forma pauperis (Doc. 1) be denied and the action be dismissed.

---

[1]Mr. Bussie has listed other individuals as plaintiffs in his Complaint, but those individuals did not sign the Complaint and they did not submit motions to proceed in forma pauperis. Since Mr. Bussie is not an attorney, he cannot represent those individuals in this action. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (a non-attorney plaintiff may not pursue a claim on behalf of others in a representative capacity). Mr. Bussie is considered the only plaintiff in this action and the Clerk of Court is directed to terminate Plaintiffs Cesar Sayo and John Kless.

1

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court takes judicial notice of four federal cases previously brought by Mr. Bussie that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 5:12-cv-792-D (E.D. N.C. Mar. 12, 2013) (dismissing case as frivolous); (2) 1:13-cv-23000-Ungaro (S.D. Fla Oct. 30, 2013) (dismissing case for failure to state a claim); (3) 1:14-cv-20673-CMA (S.D. Fla. Mar. 27, 2014) (dismissing case for failure to state a claim); and (4) 6:19-cv-1384-Orl-41-DCI (M.D. Fla. July 30, 2019) (dismissing case as frivolous).

Mr. Bussie has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). Even when construed liberally in Mr. Bussie's favor, the allegations in his Complaint do not support a credible finding that he is

in "imminent danger of serious physical injury."

While ordinarily litigants are given a period of time to pay the full filing fee of $400.00, Mr. Bussie should not be allowed to do so in this case given his abusive litigation practices. He should have known that he could not submit additional complaints without payment of the filing fee or demonstrating imminent danger of serious physical harm.

Mr. Bussie is not entitled to a ten-day period to object. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

Mr. Bussie's Motion to Proceed in Forma Pauperis (Doc. 1) should be DENIED pursuant to 28 U.S.C. § 1915(g). The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 6th day of April, 2020.

                                                     */s/ John Johnston*
                                                   John Johnston
                                                   United States Magistrate Judge