# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| ANTHONY BUSSIE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SENATOR CORY BOOKER,,<br>SENATOR CHRIS DOBB,<br>CONGRESSMAN ROBERT E.<br>ANDREWS, and ATTORNEY<br>GENERAL WILLIAM BARR,<br><br>　　　　　Defendants. | CV 19-87-H-BMM-JTJ<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Plaintiff Anthony Bussie ("Bussie") filed a Motion to Proceed in Forma Pauperis and a proposed Complaint. (Docs. 1 & 2.) United States Magistrate Judge John Johnston screened Bussie's Complaint before it was served on Defendants pursuant to 28 U.S.C. § 1915(e)(2). Judge Johnston issued Findings and Recommendations on April 6, 2020. (Doc. 3.)

The Prison Litigation Reform Act provides that a prisoner may not bring a civil action if the prisoner has, on three or more occasions while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that the court dismissed on the grounds that the action is frivolous, malicious, or

1

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Judge Johnston took judicial notice of four federal cases brought by Bussie in other jurisdictions. (Doc. 3 at 2.) The federal courts dismissed Bussie's cases on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 5:12-cv-792-D (E.D. N.C. Mar. 13, 2013); 1:13-cv-23000-Ungaro (S.D. Fla. Oct. 30, 2013); 1:14-cv-20673-CMA (S.D. Fla. Mar. 27, 2014); 6:19-cv-1384-Orl-41-DCI (M.D. Fla. July 30, 2019).

Judge Johnston determined that Bussie has exceed the three "strikes" allowed by the Prison Litigation Reform Act. (Doc. 3 at 2.) Judge Johnston further determined that Bussie's Complaint did not support a credible finding that Bussie is in "imminent danger of serious physical injury." (*Id.* at 2-3.) Judge Johnston recommends that the Court deny Bussie's Motion to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915(g). (*Id.* at 3.)

Bussie is not entitled to file written objections to Judge Johnson's Findings and Recommendations. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake

has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Reviewing for clear error and finding none, **IT IS HEREBY ORDERED** that:

1. Judge Johnston's Findings and Recommendations (Doc. 3) are **ADOPTED IN FULL**.

2. Bussie's Motion to Proceed in Forma Pauperis (Doc. 1) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

DATED this 7th day of April, 2020.

*Brian Morris*

Brian Morris, Chief District Judge
United State District Court